NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| R. A., Student, by and through his Guardian Ad Litem, Hagit Habash; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, <br><br> Defendant-Appellee. | No.    15-16834 <br><br> D.C. No. 4:14-cv-00931-PJH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted May 19, 2017
San Francisco, California

Before:  SCHROEDER and MURGUIA, Circuit Judges, and MCCALLA,[**] District Judge.

This appeal arises from an administrative proceeding before the Special

Education Division of the California Office of Administrative Hearings (OAH).  In

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

2013, the West Contra Costa Unified School District (the District) sought to reassess the special education of R.A., a then-ten-year-old autistic student, pursuant to the requirements of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.*, and California law, CAL. EDUC. CODE, § 56000, *et seq.* R.A. and his parents, and the District, filed competing due process complaints with the OAH relating to the individualized education plan (IEP) process. The administrative law judge (ALJ) heard extensive testimony, and issued a written decision concluding that the District had not denied R.A. a free appropriate public education (FAPE). R.A. and his parents challenged the ALJ's decision in federal district court. CAL. EDUC. CODE § 56505(k); 34 C.F.R. § 300.516. The District prevailed on cross-motions for summary judgment. R.A. and his parents appeal. We review de novo whether the District provided a FAPE. *See Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994). "We can accord some deference to the ALJ's factual findings, but only where they are 'thorough and careful,' and 'the extent of deference to be given is within our discretion.'" *M.C. by & through M.N. v. Antelope Valley Union High Sch. Dist.*, 852 F.3d 840, 845 (9th Cir. 2017) (quoting *Smith*, 15 F.3d at 1524). Here, we accord deference, and affirm.

1. The District did not deny R.A. a FAPE by failing to complete behavior and psychoeducational assessments. The record reflects that the District did not

carry out the assessments because of an impasse over the testing-room conditions R.A.'s mother required and the testing-room protocols required by Dr. April Jourdan, the District examiner. There is no legal requirement for the District to let R.A.'s mother see and hear R.A. during the behavioral and psychoeducational assessment, the condition R.A.'s mother insisted was necessary. There is also no legal obligation for the District to halt updating of the IEP until the conclusion of the due process hearing (and subsequent challenges to that hearing).

2. The District did not deny R.A. a FAPE by predetermining R.A.'s placement. "A school district violates the IDEA if it predetermines placement for a student before the IEP is developed or steers the IEP to the predetermined placement." *K.D. ex rel. C.L. v. Dep't of Educ., Hawaii*, 665 F.3d 1110, 1123 (9th Cir. 2011). Here, the District did not present the Anova school placement as a "take it or leave it" option to R.A.'s parents, which would have violated the IDEA. *See JG v. Douglas Cty. Sch. Dist.*, 552 F.3d 786, 801 n.10 (9th Cir. 2008). Instead, the District discussed the IEP and the placement at two meetings, where Dr. Habash participated, and where the IEP Team members discussed multiple options. To be sure, the District did violate the IDEA implementing regulations by failing to include an Anova school representative at the second IEP meeting. 34 C.F.R. § 300.325(a)(1)–(2). R.A.'s parents, however, provide no developed argument advancing how and why the absence of an Anova representative directly affected

3

their rights.  R.A. and his parents bear the burden on their IDEA challenge, *see Poolaw v. Bishop*, 67 F.3d 830, 833 (9th Cir. 1995), and the responsibility to develop their argument on appeal, *see Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 979 F.2d 721, 726 (9th Cir. 1992).  Under those circumstances, and given the lack of any clear evidence that the absence of an Anova representative infringed on R.A.'s parents' opportunity to participate in the IEP process, this procedural violation did not deny R.A. a FAPE.

3. The District did not deny R.A. a FAPE by failing to offer R.A. placement in the "least restrictive environment" for his future education, as required by the IDEA.  *See* 20 U.S.C. § 1412(a)(5)(a); 34 C.F.R. § 300.114.  Because no one involved in the case thought R.A. was ready for mainstreaming, all options for R.A. would have some restrictions.  "The IDEA accords educators discretion to select from various methods for meeting the individualized needs of a student, provided those practices are reasonably calculated to provide him with educational benefit."  *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1122 (9th Cir. 2011).  Here, it is difficult to see how placement at Anova constituted a more restrictive environment than the proposal of R.A.'s parents, which envisioned individualized, one-on-one instruction within the walls of a public school but without actual integration into public school classes.  If anything, the evidence suggested that R.A.'s parents' proposed placement was significantly more

restrictive than placement at Anova.  The record therefore reflects that the District

placed R.A. in the least restrictive environment available.

**AFFIRMED**.